UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| GRAMBLING ECONOMIC DEVELOPMENT CORP. | CIV. ACTION NO. 3:25-00450 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| DAVIS PREMIER ESTATES, L. L. C. | MAG. JUDGE KAYLA D. MCCLUSKY |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 14] filed by Defendant Davis Premier Estates, L.L.C. For reasons detailed below, IT IS RECOMMENDED that the motion be DENIED.

### Background

On September 15, 2020, Plaintiff Grambling Economic Development Corporation ("GEDC") bought certain immovable property containing a commercial shopping center, "Legends Square," from Grambling Legends Square Taxing District for the sum of $180,000, plus other consideration. *See* Petition, ¶¶ 1-2 and "attached" Deed.[1] On October 5, 2020, Legends Square was appraised with a fair market value of $2.4 million. *Id*., ¶ 4. Over four years later, on December 30, 2024, GEDC sold Legends Square to Defendant Davis Premier Estates, L.L.C. ("Davis") for $700,000, a fraction of its alleged fair market value at the time, which was believed to be in excess of $2.4 million. *Id*., ¶¶ 3-4.

---

[1] Although GEDC represented that the Deed was attached to the Petition, it does not appear as an attachment to the Petition in this Court's record. *See* Notice of Removal, Exhs. [doc. # 1-1] and Response to Removal Order [doc. # 12]. However, Davis Premier Estates, L.L.C. attached a copy of the Deed to its motion to dismiss. *See* M/Dismiss, Exh. 1 [doc. 14-3]. Because the Deed is referenced in the Petition and intended as an exhibit thereto, the Court may consider it. *See* discussion, *infra*.

One month later, on January 29, 2025, GEDC filed the instant civil action against Davis to declare the sale of Legends Square to Davis a nullity in violation of Louisiana Revised Statute § 33:9020(E)(3) or, alternatively, to rescind the sale of the immovable property for lesion beyond moiety pursuant to Louisiana Civil Code Article 2589.   (Petition [doc. 1-1]).

On April 7, 2025, Davis removed the case to federal court on the basis of diversity jurisdiction.   (Notice of Removal [doc. # 1]).

On May 12, 2025, Davis filed a Rule 12(b)(6) motion to dismiss GEDC's claim for nullity under Louisiana Revised Statute § 33:9020(E)(3), as contained in paragraphs 9-12 of GEDC's state court petition.   (M/Dismiss [doc. # 10]).

On June 2, 2025, GEDC filed its First Amended and Supplemental Complaint ("FASC") that deleted paragraphs 7-12 of its original petition, i.e., its claim for nullity under Louisiana Revised Statute § 33:9020(E)(3), and added claims for refund of $60,000 in prepaid rent and for permission to retrieve its property in its former space that it rented at Legends Square.   (FASC [doc. # 13]).   In light of the FASC, the Court denied the initial motion to dismiss as moot. (June 23, 2025 Order [doc. # 16]).

Meanwhile, on June 16, 2025, Davis filed a second Rule 12(b)(6) motion to dismiss, seeking dismissal of the lesion beyond moiety claim.   [doc. # 14].   Davis advanced two arguments in support of its motion:   (1) only the seller may assert a claim for lesion beyond moiety, and GEDC is not the seller because it has new board members; and (2) GEDC does not allege sufficient facts to show that the sale price for Legends Square was less than one-half the fair market value of the immovable at the time of sale.   *Id*.

In support of its motion, Davis attached various exhibits, including,

    (1) a September 2020 deed of sale from Grambling Legends Square Taxing District to GEDC (M/Dismiss, Exh. 1);

2

 (2) a certificate of redemption, dated December 21, 2020 showing that GEDC paid $67,686.27 in taxes apparently for Legends Square for the 2018 tax year (M/Dismiss, Exh. 2);

 (3) a December 22, 2020 settlement agreement between GEDC and Albritton Service Company, L.L.C., wherein GEDC agreed to pay the latter company the sum of $19,500.00 in exchange for a release of claims against Legends Square (M/Dismiss, Exh. 3);

 (4) a December 21, 2020 settlement agreement between GEDC and R. L. Blanton Construction, Inc., wherein GEDC agreed to pay the latter company the sum of $50,000 in exchange for a release of claims against Legends Square (M/Dismiss, Exh. 4); and

 (5) affidavits from five, apparently former, GEDC board members detailing the finances associated with GEDC's acquisition of Legends Square and their ultimate belief that the sales price of $700,000 exceeded the cost to obtain ownership of the property (M/Dismiss, Exh. 5).

On June 30, 2025, GEDC filed its brief in opposition to the motion to dismiss. (Pl. Opp. Memo. [doc. # 17]). Davis did not file a reply brief, and the time to do so has passed. *See* Notice of Motion Setting [doc. # 15]. Accordingly, the matter is ripe.

## **Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667-668 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate to *possibility* or *probability*; it lies somewhere in between. *Iqbal,* 556 U.S. at

556. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556.

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, Rule 12(b)(6) authorizes courts to dismiss a claim on the basis of a dispositive issue of law, notwithstanding that it otherwise might be well-pleaded. *See Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989) (citations omitted).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. App'x. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U. S. 521, 530 (2011) (citation omitted). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551

U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

## Analysis

### I. Composition of GEDC Board

Under Louisiana law,[2] "[t]he sale of an immovable may be rescinded for lesion when the price is less than one half of the fair market value of the immovable. Lesion can be claimed only by the seller and only in sales of corporeal immovables." LA. CIV. CODE ART. 2589 (in pertinent part).

Davis contends that GEDC has no right to bring this action because, at the time of the

---

[2] A federal court sitting in diversity applies the substantive law of the forum state. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citation omitted). GEDC specifically invoked Louisiana law in its complaint. *See* FASC. Furthermore, Davis did not contest applicability of Louisiana law. Therefore, the parties implicitly agree that the disputed state law issues are governed by the substantive law of Louisiana. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Ace American Insurance Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832 (5th Cir. 2012) (applied Texas law where neither side disputed that Texas law applied).

sale, GEDC's board members were not the same as the current board. In other words, Davis suggests that GEDC was not the "seller" entitled to assert a claim for lesion beyond moiety. Davis's argument is not well taken. As GEDC aptly recognized in its response, the personality of a juridical person, such as a corporation, is distinct from that of its members. LA. CIV. CODE ART. 24. Consequently, the GEDC board's alleged change of membership is immaterial. GEDC was the "seller" of Legends Square, and, thus, it remains the proper party to institute the instant claim for lesion beyond moiety. LA. CIV. CODE ART. 2589.

**II.     Lesion Beyond Moiety**

The Civil Code provides that, "[t]o determine whether there is lesion, the immovable sold must be evaluated according to the state in which it was at the time of the sale." LA. CIV. CODE ART. 2590. Davis acknowledges that, in 2020, Legends Square was appraised at $2.4 million. Nonetheless, Davis argues that the 2020 appraisal does not reflect the fair market value of Legends Square approximately four years later in December 2024.

The Louisiana Supreme Court has recognized that the plaintiff has the burden of proving lesion by "strong and convincing proof." *Armwood v. Kennedy*, 231 La. 102, 106; 90 So.2d 793, 795 (La. 1956). Critically, however, this case is still at the pleading stage where the plaintiff need only plead a *plausible* claim for relief. Admittedly, while the appraisal referenced in the FASC is approximately four years old, it is the Court's experience that, in the absence of unusual circumstances, immovable property generally appreciates in value or, otherwise, remains relatively constant. Accordingly, the Court finds that GEDC's factual allegation of Legends Square's fair market value, albeit dated, suffices to state a plausible claim for relief. *See Lakeside Dairies v. Gregersen*, 217 La. 510, 527; 46 So.2d 752, 758 (La. 1950) (recognizing that

6

three-year old property valuation was admissible for the purpose of determining the value at the time of sale, although the evidence will not suffice to support a final judgment).[3]

## Conclusion

Relying upon judicial experience and common sense, the Court finds that GEDC's complaint states a plausible claim for lesion beyond moiety, sufficient to afford Davis fair notice of the claim against it, along with the reasonable expectation that discovery will reveal relevant evidence for each of the elements of the claim. *Twombly*, 550 U.S. at 556. Accordingly,

IT IS RECOMMENDED that Defendant Davis Premier Estates, L.L.C.'s motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 14] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a

---

[3] Davis submitted evidence regarding additional sums that GEDC paid to acquire Legends Square, as well as the apparently former GEDC's board members' belief that the 2024 sale to Davis exceeded the sum that GEDC paid to acquire the property. However, with the exception of the Deed, which is referenced in, and intended to be attached to GEDC's complaint, Davis has not established that the Court may consider the remainder of the documents that it submitted in the context of the Rule 12(b)(6) motion. Indeed, when, as here, a party presents "matters outside the pleadings," the court enjoys "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Carroll v. Team One Logistics/Bus. Transp. Sols.*, Civ. Action No. 19-1770, 2020 WL 5520606, at *3 (N.D. Tex. Aug. 10, 2020), *R&R adopted,* 2020 WL 5513442 (N.D. Tex. Sept. 11, 2020) (citations omitted). However, "if . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). The Court declines to consider the documents submitted by Davis at this stage.

final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 8th day of September, 2025.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE